The Chicago, Rock Island & Pacific Railway Company v. A. H. Willis.

No. 14,659.   (85 Pac. 1134.)

Damages—*Injury by Fire—Instructions—Verdict and Evidence.* In an action for damages for the setting out of a fire by defendant's engine it was said that the instructions were proper, and the verdict for plaintiff was not without support in the evidence.

Error from Thomas district court; Charles W. Smith, judge. Opinion filed June 9, 1906. Affirmed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.

*E. H. Benson, Clement L. Wilson,* and *John Hartzler,* for defendant in error.

*Per Curiam:* The controversies involved in this case all seem ultimately to be involved in the findings of the jury as to the facts. The court instructed the jury that before the plaintiff could recover he must prove by a preponderance of evidence that defendant's train set out the fire; that if the fire was started before the train arrived where the fire first occurred the defendant was not responsible, but if the fire started immediately after the train passed the jury might infer that the train set the fire; that if the jury found that the train set the fire it was *prima facie* evidence of negligence in the management of the train, but that this presumption of negligence might be overcome and disproved if the evidence showed that the locomotive was at the time provided with proper appliances to prevent the escape of fire, that these appliances were in good repair, and that the locomotive was carefully and efficiently handled; that it was for the jury to determine whether there was negligence on the part of the defendant either in using defective appliances or in the manage-

ment of the locomotive; and that, if there was no neg-
ligence, there could be no recovery against the defend-
ant. In short, the court seems to have correctly
instructed the jury upon every question of law involved,
and to have covered every request for instruction asked
by the defendant, so far as it was a correct statement
of the law.

If the evidence of the witnesses for the defendant be
given full credence, it makes a very strong showing
that the locomotive had the best appliances to prevent
the escape of fire which it is practicable to use and that
the locomotive was handled with the utmost care.
Given full credit, their evidence shows that the fire was
burning before the locomotive arrived at the point
where the fire started, and that the appliances and
management of the locomotive were such as to render
the escape of fire from it next to impossible. None of
these witnesses was impeached, nor was any of their
evidence directly contradicted, unless it was as to the
time of the starting of the fire. The evidence of plain-
tiff's witnesses tended to show that the fire started, not
before, but after, the locomotive passed the point of
its starting. The jury believed from the evidence that
the locomotive started the fire, and so found, and hence
could not well have given full credence to the accuracy
of the evidence relating to the perfection of the appli-
ances and the management of the locomotive.

Were it the province of this court to weigh the evi-
dence we might come to a different conclusion than did
the jury, but it is not. We cannot say that the verdict
and judgment are not supported by evidence.

The judgment of the district court is affirmed.